UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| NICOLE KLUM, individually and as Administrator of the Estate of BOBBY JO KLUM, and WANDA ALBRIGHT, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF DAVENPORT and MASON ROTH,<br><br>Defendants. | Case No. 3:23-cv-00043-RGE-WPK<br><br>**CITY OF DAVENPORT AND MASON ROTH'S ANSWER AND JURY DEMAND** |

Defendants City of Davenport and Mason Roth, through their attorneys Lane & Waterman LLP, state as follows for their Answer to Plaintiff's Amended Petition at Law and Jury Demand:

**INTRODUCTION**

1. Defendants admit Plaintiffs seek recovery under the theories set forth in Paragraph 1, but deny Plaintiffs are entitled recovery, deny all other allegations in Paragraph 1 that are not specifically admitted and affirmatively state that Officer Roth's actions were determined to be justified and reasonable under the circumstances by the Iowa Division of Criminal Investigation, the Scott County Attorney's Office and the Davenport Police Department.

2. Defendants deny the allegations in Paragraph 2 and affirmatively state that Officer Roth's actions were determined to be justified and reasonable under the circumstances by the Iowa Division of Criminal Investigation, the Scott County Attorney's Office and the Davenport Police Department.

**PARTIES**

3. Defendants admit Nicole Klum is a resident of Scott County, Iowa and that she was the wife and is now the Personal Representative of the Estate of Bobby Jo Klum. Defendants further admit Nicole Klum brings this action pursuant to the sections of the Iowa Code cited in Paragraph 3, but deny Plaintiffs are entitled recovery and deny all other allegations in Paragraph 3 that are not specifically admitted.

4. Defendants admit Wanda Albright is a resident of Scott County, Iowa and that she was the mother of Bobby Jo Klum. Defendants further admit Wanda Albright brings this action pursuant to the section of the Iowa Code cited in Paragraph 4, but deny Plaintiffs are entitled recovery and deny all other allegations in Paragraph 4 that are not specifically admitted.

5. Defendants admit that the City of Davenport employed Officer Mason Roth and deny all other allegations in Paragraph 5 that are not specifically admitted.

6. Defendants admit the allegations in Paragraph 6.

**FACTUAL BACKGROUND**

7. Defendants admit Officer Roth shot Klum on October 13, 2021 because he reasonably believed that Klum presented a danger to others and that Klum died as a result. Defendants deny all other allegations in Paragraph 7 that are not specifically admitted.

8. Defendants admit Officer Roth shot Klum on October 13, 2021 because he reasonably believed that Klum presented a danger to others, that Klum died as a result and that Klum was holding a gun to his own head at the time he was shot. Defendants deny all other allegations in Paragraph 8 that are not specifically admitted.

9. The allegations contained in Paragraph 9 violate the pleading requirements of Federal Rule of Civil Procedure 8 and contain arguments of counsel and hearsay to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 9.

10. The allegations contained in Paragraph 10 violate the pleading requirements of Federal Rule of Civil Procedure 8 and contain arguments of counsel to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 10.

11. The allegations contained in Paragraph 11 violate the pleading requirements of Federal Rule of Civil Procedure 8 and contain arguments of counsel to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 11.

12. Defendants admit Klum was 37 years old when he was shot by Officer Roth on October 13, 2021, deny the allegation that he was "killed" and deny all other allegations in Paragraph 12 that are not specifically admitted.

13. Defendants admit the allegations in Paragraph 13.

14. Defendants lack information and knowledge sufficient to form a response to the allegations in Paragraph 14.

15. Defendants lack information and knowledge sufficient to form a response to the allegations in Paragraph 15.

16. Defendants admit that Klum was walking through the neighborhood with a gun before and at the time he was shot and that at certain times it was pointed at his own head. Defendants deny all other allegations in Paragraph 16 that are not specifically admitted.

17. Defendants admit that additional law enforcement arrived on the scene while Klum was walking through the neighborhood with a gun that at certain times was pointed at his own head and that law enforcement was attempting to set up a perimeter. Defendants deny all other allegations in Paragraph 17 that are not specifically admitted.

18. Defendants deny the allegations in Paragraph 18.

19. Defendants admit that additional law enforcement officers arrived on the scene while Klum was walking through the neighborhood with his gun and that law enforcement was attempting to set up a perimeter and seeking a safe resolution of the incident. Defendants lack information and knowledge sufficient to form a response to the vague allegation that "as many as 40 law enforcement officers responded." Defendants deny all other allegations in Paragraph 19 that are not specifically admitted.

20. Defendants deny the allegations in Paragraph 20.

21. Defendants deny the allegations in Paragraph 21.

22. Defendants lack information and knowledge sufficient to form a response to the allegations in Paragraph 22.

23. Defendants deny the allegations in Paragraph 23.

24. Defendants deny the allegations in Paragraph 24.

25. Defendants lack information and knowledge sufficient to form a response to the allegations in Paragraph 25.

26. Defendants admit the allegations in Paragraph 26.

27. Defendants admit the allegations in Paragraph 27.

28. The allegations in Paragraph 28 violate the pleading requirements of Federal Rule of Civil Procedure 8 by containing multiple allegations of "fact" that are incapable of

being admitted or denied as worded in the narrative format. Defendants therefore deny the allegations in Paragraph 28.

29. Defendants admit that Klum was in the vicinity of bystanders at times and deny all other allegations in Paragraph 29 that are not specifically admitted.

30. Defendants admit two less lethal rounds were used, but deny supervisor approval was required for the use of the same and deny all other allegations in Paragraph 30 that are not specifically admitted.

31. Defendants admit that at one point Klum walked backward for a short period of time on Iowa Street and deny all other allegations in Paragraph 31 that are not specifically admitted.

32. Defendants state that the video from Officer Jarrin's body camera video speaks for itself and deny all allegations in Paragraph 32 that are inconsistent therewith. Defendants further deny all other allegations in Paragraph 32 that are not specifically admitted.

33. Defendants state that the video from Officer Jarrin's body camera video speaks for itself and deny all allegations in Paragraph 33 that are inconsistent therewith. Defendants further deny all other allegations in Paragraph 33 that are not specifically admitted.

34. Defendants admit that a second rubber bullet was fired at Klum and that the Officer who fired it has stated that she believed the round either missed Klum or clipped his left shoulder and deny all other allegations in Paragraph 34 that are not specifically admitted.

35. Defendants admit that certain portions of Officer Roth's DCI interview are quoted in Paragraph 35, but denies they are quoted in their entirety and affirmatively states that the interview speaks for itself and denies all other allegations in Paragraph 35 that are inconsistent with the interview.

36. Defendants deny the allegations in Paragraph 36.

37. Defendants admit that Officer Roth used force because Klum was advancing toward a group of bystanders and that he reasonably believed Klum posed an imminent threat of death or serious physical injury to the bystanders, including the risk that Klum would take a bystander hostage. Defendants deny all other allegations in Paragraph 37 that are not specifically admitted.

38. Defendants state that the audio from Officer DCI interview speaks for itself and deny all allegations in Paragraph 38 that are inconsistent therewith. Defendants further deny all other allegations in Paragraph 38 that are not specifically admitted.

39. Defendants state that the audio from Officer DCI interview speaks for itself and deny all allegations in Paragraph 39 that are inconsistent therewith. Defendants further deny all other allegations in Paragraph 39 that are not specifically admitted.

40. Defendants state that the audio from Officer DCI interview speaks for itself and deny all allegations in Paragraph 40 that are inconsistent therewith. Defendants further deny all other allegations in Paragraph 40 that are not specifically admitted.

41. Defendants deny the allegations in Paragraph 41.

42. Defendants admit the allegations in Paragraph 42.

43. Defendants state that the video from which the photograph shown in Paragraph 43 was taken speaks for itself and deny all allegations in Paragraph 43 that are inconsistent therewith. Defendants further deny all other allegations in Paragraph 43 that are not specifically admitted.

44. Defendants state that the unidentified videos referenced in Paragraph 43 speak for themselves and deny all allegations in Paragraph 43 that are inconsistent therewith. Defendants further deny all other allegations in Paragraph 43 that are not specifically admitted.

45. Defendants state that the video from Deputy Grafton's dash camera speaks for itself and deny all allegations in Paragraph 45 that are inconsistent therewith. Defendants further deny all other allegations in Paragraph 45 that are not specifically admitted.

46. Defendants state that the video from Deputy Grafton's dash camera speaks for itself and deny all allegations in Paragraph 46 that are inconsistent therewith. Defendants further deny all other allegations in Paragraph 46 that are not specifically admitted.

47. Defendants deny the allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants deny the allegations in Paragraph 49.

50. Defendants deny the allegations in Paragraph 50.

51. Defendants admit no supervisor on the scene specifically authorized the use of lethal force, but deny the implication that such approval was required and further deny all other allegations in Paragraph 51 that are not specifically admitted.

52. Defendants deny the allegations in Paragraph 52.

53. Defendants deny the allegations in Paragraph 53.

54. Defendants lack information and knowledge sufficient to form a response to the allegations in Paragraph 54.

55. Defendants admit that after Officer Roth shot Klum someone can be heard on video saying words to the effect of "got him" but lack information and knowledge sufficient to

form a response to the allegation that it was Officer Roth and deny all other allegations in Paragraph 55 that are not specifically admitted.

56. Defendants admit that after Officer Roth shot Klum he was asked if he had used less than lethal force and that he responded it was lethal and deny all other allegations in Paragraph 56 that are not specifically admitted.

57. Defendants lack information and knowledge sufficient to form a response to the allegations in Paragraph 57.

58. Defendants deny the allegations in Paragraph 58 and affirmatively state that Officer Roth's actions were determined to be justified and reasonable under the circumstances by the Iowa Division of Criminal Investigation, the Scott County Attorney's Office and the Davenport Police Department.

59. Defendants deny the allegations in Paragraph 59 and affirmatively state that Officer Roth's actions were determined to be justified and reasonable under the circumstances by the Iowa Division of Criminal Investigation, the Scott County Attorney's Office and the Davenport Police Department.

60. Defendants deny the allegations in Paragraph 60 and affirmatively state that Officer Roth's actions were determined to be justified and reasonable under the circumstances by the Iowa Division of Criminal Investigation, the Scott County Attorney's Office and the Davenport Police Department.

61. Defendants deny the allegations in Paragraph 61 and affirmatively state that Officer Roth's actions were determined to be justified and reasonable under the circumstances by the Iowa Division of Criminal Investigation, the Scott County Attorney's Office and the Davenport Police Department.

62. Defendants deny the allegations in Paragraph 62 and affirmatively state that Officer Roth's actions were determined to be justified and reasonable under the circumstances by the Iowa Division of Criminal Investigation, the Scott County Attorney's Office and the Davenport Police Department.

63. Defendants deny the allegations in Paragraph 63 and affirmatively state that Officer Roth's actions were determined to be justified and reasonable under the circumstances by the Iowa Division of Criminal Investigation, the Scott County Attorney's Office and the Davenport Police Department.

64. Defendants admit that Officer Roth was aware that other officers had unsuccessfully attempted to use less lethal force to subdue Klum and that there were no other less lethal options available at the time he took action. Defendants deny all other allegations in Paragraph 64 that are not specifically admitted.

65. Defendants admit the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny the allegations in Paragraph 67.

68. The allegations contained in Paragraph 68 violate the pleading requirements of Federal Rule of Civil Procedure 8 and contain slanderous and inflammatory arguments of counsel to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 68.

69. Defendants state that the State of Iowa's investigation speaks for itself and deny all allegations in Paragraph 69 that are inconsistent therewith. Further answer, Defendants state that it is unknown whether Klum ever pointed the gun at anyone other than himself because he was not observed at all times during the incident.

70. Defendants admit that training of officers includes the concept that distance plus cover equals time when dealing with armed individuals but deny Officer Roth violated this training and affirmatively state that Officer Roth's actions were determined to be justified and reasonable under the circumstances by the Iowa Division of Criminal Investigation, the Scott County Attorney's Office and the Davenport Police Department. Defendants deny all other allegations in Paragraph 70 that are not specifically admitted.

71. Defendants lack information and knowledge sufficient to form a response to allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72 and affirmatively state that Officer Roth's actions were determined to be justified and reasonable under the circumstances by the Iowa Division of Criminal Investigation, the Scott County Attorney's Office and the Davenport Police Department.

73. Defendants deny the allegations in Paragraph 73 and affirmatively state that Officer Roth's actions were determined to be justified and reasonable under the circumstances by the Iowa Division of Criminal Investigation, the Scott County Attorney's Office and the Davenport Police Department.

74. Defendants deny the allegations in Paragraph 74 and affirmatively state that Officer Roth's actions were determined to be justified and reasonable under the circumstances by the Iowa Division of Criminal Investigation, the Scott County Attorney's Office and the Davenport Police Department.

75. Defendants admit that The Office of Iowa State Medical Examiner identified the manner of death as homicide because it is one of five classifications that are used for the manner of death following an autopsy, the other being natural, accidental, suicide and

undetermined, none of which applied to Klum's death. Defendants deny all other allegations in Paragraph 75 that are not specifically admitted.

76. Defendants admit the autopsy concluded that the bullet from Officer Roth's rifle entered Klum on his left paramidline mid back, perforated his spinal cord, right adrenal gland, liver, right hemidiaphragm and right lung and exited through his right chest. Defendants deny all other allegations in Paragraph 76 that are not specifically admitted.

77. Defendants deny the allegations in Paragraph 77.

78. Defendants deny the allegations in Paragraph 78.

79. The allegations contained in Paragraph 79 violate the pleading requirements of Federal Rule of Civil Procedure 8 and contain arguments of counsel to which no response is required. To the extent a response is required, Defendants admit various recordings of the event were captured on video and deny the other allegations in Paragraph 82 that are not specifically admitted.

80. Defendants admit the allegations in Paragraph 80.

81. Defendants deny Officer Roth is liable to Plaintiffs and, therefore, deny the allegations in Paragraph 81.

82. The allegations contained in Paragraph 82 violate the pleading requirements of Federal Rule of Civil Procedure 8 and contain arguments of counsel to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 82.

83. The allegations contained in Paragraph 83 violate the pleading requirements of Federal Rule of Civil Procedure 8 and contain arguments of counsel to which no response is

required. To the extent a response is required, Defendants deny the allegations in Paragraph 83.

84. The allegations contained in Paragraph 84 violate the pleading requirements of Federal Rule of Civil Procedure 8 and contain arguments of counsel to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 84.

## COUNT I

### USE OF EXCESSIVE DEADLY FORCE IN VIOLATION OF FOURTH AMENDMENT TO THE U.S. CONSTITUTION and ARTICLE I, SECTION 8 OF THE IOWA CONSTITUTION

85. Defendants repeat and reallege their responses to Paragraphs 1-84 as if set forth fully herein.

86. Defendants deny the allegations in Paragraph 86.

87. Defendants deny the allegations in Paragraph 87.

88. Defendants deny the allegations in Paragraph 88.

89. Defendants deny the allegations in Paragraph 89.

90. Defendants deny the allegations in Paragraph 90.

91. Defendants deny the allegations in Paragraph 91.

92. Defendants deny the allegations in Paragraph 92.

WHEREFORE, Defendants respectfully request that the Court dismiss Count I, with all costs assessed to Plaintiffs, and for all other relief the Court deems appropriate.

## COUNT II

93. Defendants repeat and reallege their responses to Paragraphs 1-93 as if set forth fully herein.

94. Defendants deny the allegations in Paragraph 94.

95. Defendants deny the allegations in Paragraph 95.

96. Defendants deny the allegations in Paragraph 96.

97. Defendants deny the allegations in Paragraph 97.

98. Defendants deny the allegations in Paragraph 98

99. Defendants admit that Iowa law imposes certain duties upon Officer Roth, deny all allegations in Paragraph 99 inconsistent therewith and further deny all other allegations in Paragraph 99 that are not specifically admitted.

100. Defendants deny the allegations in Paragraph 100.

101. Defendants admit that Iowa law imposes certain duties upon the City, deny all allegations in Paragraph 101 inconsistent therewith and further deny all other allegations in Paragraph 101 that are not specifically admitted.

102. Defendants deny that the City trained its police officer "using pseudo-scientific principals advanced by a discredited organization" and, therefore, deny the allegations in Paragraph 102.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants state that the City, Iowa Division of Criminal Investigation and the Scott County Attorney's Office determined Officer Roth's actions to be justified and reasonable under the circumstances. Thus, to the extent that constitutes "ratifying" Officer Roth's conduct as alleged in Paragraph 106, Defendants admit the same. To the extent

Plaintiffs define "ratified" in some other way, Defendants lack information and knowledge sufficient to form a response to the vague and conclusory allegation in Paragraph 106.

107.	Defendants deny the allegations in Paragraph 107.

WHEREFORE, Defendants respectfully request that the Court dismiss Count II, with all costs assessed to Plaintiffs, and for all other relief the Court deems appropriate.

## COUNT III

108.	Defendants repeat and reallege their responses to Paragraphs 1-107 as if set forth fully herein.

109.	Defendants admit the allegations in Paragraph 109.

110.	Defendants admit the allegations in Paragraph 110.

111.	Defendants lack information and knowledge sufficient to form a response to the allegations in Paragraph 111.

112.	Defendants lack information and knowledge sufficient to form a response to the allegations in Paragraph 112.

113.	Defendants deny the allegations in Paragraph 113.

114.	Defendants deny the allegations in Paragraph 114.

WHEREFORE, Defendants respectfully request that the Court dismiss Count III, with all costs assessed to Plaintiffs, and for all other relief the Court deems appropriate.

## AFFIRMATIVE DEFENSES

1.	Defendants are immune from suit pursuant to Iowa Code Chapter 670.

2.	Defendants are immune from suit pursuant to the doctrine of qualified immunity.

3.	Defendants are immune from suit under Iowa Code Chapter 804.

    4.     Officer Roth's actions were justified and objectively reasonable.

    5.     Officer Roth's actions were in self-defense or the defense of others and, therefore, were justified.

    6.     Plaintiff's claims are barred by Iowa Code Chapter 668 or, in the alternative, Plaintiffs' damages claims should be reduced pursuant to such Chapter.

    7.     Bobby Klum assumed the risk of a known danger.

    8.     Plaintiffs' Amended Petition at Law fails to state a claim upon which relief can be granted.

WHEREFORE, Defendants respectfully request that the Court dismiss all Counts of Plaintiff's Petition at Law, with all costs assessed to Plaintiff, and for all other relief the Court deems appropriate.

## JURY DEMAND

Defendants demand trial by jury on all claims asserted herein.

LANE & WATERMAN LLP

By: */s/ Jason J. O'Rourke*
Jason J. O'Rourke   AT0005963
Alex C. Barnett   AT0012641
220 North Main Street, Suite 600
Davenport, IA 52801
Telephone: 563-324-3246
Facsimile: 563-324-1616
Email: jorourke@l-wlaw.com
Email: abarnett@l-wlaw.com

**ATTORNEYS FOR DEFENDANT CITY OF DAVENPORT AND MASON ROTH**

## CERTIFICATE OF FILING AND SERVICE

  I hereby certify that on <u>July 19, 2023</u>, I electronically filed the foregoing with Clerk of Court using the CM/ECF system which will provide notification of such filing to all counsel of record.

             By: <u>*/s/ Jason J. O'Rourke*</u>
                  Jason J. O'Rourke